Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3789 | **DATE** | 5/12/2004 |
| **CASE TITLE** | Levay Harper, et al vs. Yale International Insurance Agency | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ____.
(3) ☐ Answer brief to motion due ____. Reply to answer brief due ____.
(4) ☐ Ruling/Hearing on ____ set for ____ at ____.
(5) ■ Status hearing set for 5/24/2004 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ____ set for ____ at ____.
(7) ☐ Trial[set for/re-set for] on ____ at ____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ____ at ____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion And Order. Defendants' motion to de-certify the class (Docket No. 90-1) is granted without prejudice. Plaintiffs' IMWL claims are dismissed without prejudice to refiling in state court. Plaintiffs' revised motion for order approving issuance of notice (Doc. No. 77-1) is denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | MAY 13 2004 | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | (initials) | 92 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/12/2004 | |
| | | | date mailed notice | |
| ETV | courtroom deputy's initials | | ETV | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | | |
|---|---|---|
| LEVAY HARPER and SHENITA JONES, individually and on behalf of a class of persons similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>YALE INTERNATIONAL INSURANCE AGENCY, INC., INSURANCE PLUS AGENCY II, INC. and CONSTANTINE DANOS, )<br>)<br>)<br>)<br>)<br>Defendants. ) | No. 03 C 3789<br><br>Judge Rebecca R. Pallmeyer | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Levay Harper and Shenita Jones have filed suit against Yale International Insurance Agency, Inc. ("Yale"), Insurance Plus Agency II, Inc. ("Insurance Plus"), and Constantine Danos, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.* The court certified a class of plaintiffs for the IMWL claim and Plaintiffs now seek an order approving their proposed notice. In response to concerns raised by the court regarding the propriety of exercising supplemental jurisdiction over an entire class of state law claimants, Defendants have moved to decertify the class. For the reasons set forth here, Defendants' motion to decertify is granted and Plaintiffs' motion regarding class notice is denied as moot.

## BACKGROUND

Harper was hired by Yale as a customer service representative on April 16, 2002. She worked "on salary," which was supposed to be based on an income of $25,000 per year for a 40-

hour work week. (Cmplt. ¶ 3.)[1] Instead of receiving $12.02 per hour, however, Harper claims that she was paid only $10.01 per hour. (Id.) Harper also alleges that she was not paid overtime wages for hours she worked in excess of 40 per week. (Id. ¶ 4.) On March 15, 2003, Harper was discharged from her position. (Id. ¶ 10.) Several months later on June 3, 2003, Harper filed a complaint against Yale alleging violations of the minimum wage and overtime provisions of the FLSA, the IMWL and the IWPCA. The following day, Harper filed an Amended Complaint reasserting her statutory wage and hour claims, and adding a claim for discriminatory discharge in violation of the FLSA, 29 U.S.C. § 215(a)(3). Harper also sought to certify a class under the IMWL, comprised of "non-exempt hourly waged employees employed by [Yale] within three years of June 3, 2003 and the present and who were not paid overtime wages for hours worked in excess of 40 in each work week." (Amend. Cmplt. Count III ¶ 1.)

On September 17, 2003, Harper filed a Second Amended Complaint, adding Shenita Jones as a plaintiff, and naming Insurance Plus, Danos, George R. Rogiokos, and Haralambos "Harry" N. Konstantopolous as defendants.[2] Shortly thereafter on September 30, 2003, Plaintiffs moved to certify a class for the IMWL claim, defined as follows:

> All hourly waged employees employed by [Yale] who were employed more than forty hours in any work week, including those employees who were required to attend meetings on weekends or after regular business hours without pay or overtime between June 3, 2000 and the present; and all hourly waged employees employed by [Insurance Plus] who were employed more than 40 hours in any work week between September 17, 2000 and the present, including those employees who were required to attend meetings on weekends or after regular business hours without pay or overtime who are due back overtime pay under the [IMWL].

---

[1] Plaintiffs' Second Amended Complaint is cited as "Cmplt. ¶ __."

[2] Plaintiffs voluntarily dismissed Rogiokos and Konstantopolous as defendants on January 13, 2004. The remaining defendants all filed Third-Party Complaints against James F. Pappas, individually and as agent of J. Pappas Accounting Group; Preferred Payroll Services, Inc.; Pappas & Kapolas, Inc.; and Hospitality Accounting Systems, alleging breach of contract and malpractice in performing accounting and payroll services on Defendants' behalf. Yale also filed a counterclaim against Harper for wages she was allegedly overpaid while employed by the company.

(Motion for Class Certification, at 2.) On November 3, 2003, the court overruled Defendants' objections to class certification and directed the parties to confer regarding the appropriate class definition and notice to putative class members. Plaintiffs moved for approval of their notice on November 26, 2003, but the court found the proposed class definition ambiguous and denied the motion without prejudice. On January 28, 2004, the court rejected Plaintiffs' amended notice, again due to ambiguity in the class definition. Plaintiffs have now submitted a third version of the proposed notice, which is currently before the court. Defendants object to Plaintiffs' proposal and seek to have the class decertified.

## DISCUSSION

### A. Motion to Decertify

In ruling on a motion to decertify a class, the court considers whether "economy favors adjudicating multiple disputes in a single action, without sacrificing fairness." *Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 418 (N.D. Ill. 2003). Federal Rule of Civil Procedure 23(a) sets forth four requirements for class certification: (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequate representation). *See Rosario v. Livaditis*, 963 F.2d 1013, 1017 (7th Cir. 1992). If a plaintiff meets all of these prerequisites, she must further satisfy one of the requirements set forth in Rule 23(b). *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596 (7th Cir. 1993). In this case, where Defendants objected only on commonality and numerosity grounds, the court concluded that Plaintiff had made the showing necessary for certification of a class under Rule 23(b)(3). Under that Rule, a class may be certified if "questions of law or fact common to the members of the class predominate over any questions affecting only individual

members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

A court has broad discretion to resolve whether certifying a class is proper. *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). In making this determination, the substantive allegations in the complaint are taken as true and, generally, the ultimate merits of the case are not examined. *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 895 (7th Cir. 1981); *Hill v. Shell Oil Co.*, No. 98 C 5766, 2002 WL 663583, at *2 (N.D. Ill. Mar. 28, 2002). The court should, however, "make whatever factual and legal inquiries are necessary under Rule 23" before deciding whether a case should proceed as a class action. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir. 2001); *Woodard v. Tower Automotive Products Co.*, No. 00 C 50459, 2002 WL 832572, at *2 (N.D. Ill. May 1, 2002). The court's initial determination to certify a class is "inherently tentative" and the court "remains under a continuing obligation to review whether proceeding as a class action is appropriate." *Ellis*, 217 F.R.D. at 419 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978)). *See also Binion v. Metropolitan Pier and Exposition Authority*, 163 F.R.D. 517, 520 (N.D. Ill. 1995) (court "remains free to modify or vacate a certification order if it should prove necessary"). Plaintiffs bear the burden of "producing a record demonstrating the continued propriety of maintaining the class action." *Ellis*, 217 F.R.D. at 419.

In challenging Plaintiffs' original motion for class certification, Defendants focused primarily on the fact that Plaintiffs were seeking to represent employees of two separate employers: "Plaintiffs fail to cite a single case where this Court has certified a class action lawsuit against two distinct legal entities for the entities' alleged distinct practices." (Memorandum of Law in Opposition to Plaintiff's Motion for Class Certification, at 5.) (*See also id.* at 7) ("Plaintiffs are attempting to certify a class of two distinct employers who employed two distinct groups of former and current employees"). In response to concerns recently raised by this court regarding federal certification

4

of a class of state law claimants, Defendants now argue that class certification is not a superior method of adjudicating Plaintiffs' IMWL claims as required under Rule 23(b)(3) because Congress has stated a "clear preference for opt-in collective actions" under the FLSA. (Def. Mem., at 4-5.)[3] The court agrees.

Plaintiffs have alleged claims under the FLSA but do not seek to proceed with an FLSA collective action; instead, Plaintiffs are only pursuing an IMWL class action. No court has yet addressed whether a plaintiff seeking class treatment of wage and hour claims in federal court is required to pursue an FLSA collective action. Courts in this district are split as to whether plaintiffs may simultaneously pursue FLSA collective actions and state law class actions, but no court has allowed a plaintiff to proceed solely under the latter theory.

In *De La Fuente v. FPM Ipsen Heat Treating, Inc.*, No. 02 C 50188, 2002 WL 31819226 (N.D. Ill. Dec. 16, 2002) (Reinhard, J.), for example, the plaintiffs moved to begin opt-in notice on their FLSA collective action and simultaneously sought class certification of their IMWL and IWPCA claims. *Id.* at *1. The defendants did not object to the FLSA collective action and the court granted the plaintiffs' motion to proceed with notice of the class members' opt-in rights. *Id.* The court, however, declined to certify a Rule 23 class until after the opt-in period on the FLSA action closed. "The court shares *Thiebes* [*v. Wal-Mart Stores, Inc.*, No. 98-802-KI, 1999 WL 1081357 (D. Or. Dec. 1, 1999)] concern about a notice that both calls for a decision whether to opt-in to the collective action and also whether to opt-out of the class action." 2002 WL 31819226, at *2. The court stated that it would have a better idea whether joinder was impractical after the opt-in period closed. *Id.*

The plaintiffs in *Muecke v. A-Reliable Auto Parts and Wreckers, Inc.*, No. 01 C 2361, 2002 WL 1359411 (N.D. Ill. June 21, 2002) (Kennelly, J.) also filed suit under the FLSA, the IMWL, and

---

[3] Defendants' Brief Regarding Whether this Court has Supplemental Jurisdiction over the Class Members who are Not Bringing Claims Under the Fair Labor Standards Act and Motion to De-Certify the Class is cited as "Def. Mem., at ___."

the IWPCA, and sought to send collective action opt-in notices under the FLSA claim and to certify a class under Rule 23 for the state law claims. *Id.* at *1. The court agreed to let the plaintiffs proceed with an FLSA collective action but declined to certify a Rule 23 class until after the opt-in period closed, at which time "we will have before the Court as plaintiffs all of the present and former employees who wish to pursue a claim for unpaid wages." *Id.* at *2. The court noted the possibility that only a few employees would opt-into the FLSA action, and explained that it would be incongruous to have "an FLSA 'class' including only a tiny number of employees who are interested in seeking back wages, with a state-law class that nonetheless includes all or nearly all of the companies' present or former employees." *Id.* The court concluded that a Rule 23 class action was not a superior means of resolving the state law claims and declined to "impose on the collective FLSA claim an overlay of a Rule 23(b)(3) state-law class." *Id.*

In *Rodriguez v. The Texan, Inc.*, No. 01 C 1478, 2001 WL 1829490 (N.D. Ill. Mar. 7, 2001) (Shadur, J.), the plaintiff attempted to represent a class of similarly situated persons under the FLSA, the IMWL, and the IWPCA. The court issued an opinion *sua sponte* notifying the plaintiff that the FLSA did not permit Rule 23 class certification, instead requiring the use of an opt-in procedure. *Id.* at *1-2. The court then explained that the plaintiff would have "an uphill burden" to obtain class certification of the state law claims:

> There are powerful policy considerations that led Congress to change the original version of the Fair Labor Standards Act by enacting the Portal to Portal Act of 1947 so as to require the opt-in procedure via individualized written consents by employees wishing to join such actions . . . That policy and the underlying congressional intent would be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement.

*Id.* at *1 (internal citations omitted). The court noted that the rules regarding supplemental jurisdiction under 28 U.S.C. § 1367(a) support this view. Section 1367(a), which gives federal courts jurisdiction over state law claims that are sufficiently related to the federal claims, provides that "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of

6

additional parties." That language, the court stated, "plainly betokens actual joinder or intervention, not the type of representative treatment that is sought by Rodriguez and his counsel here instead of such actual joinder." *Id.* at *4.

Other courts in this district have allowed class certification of state law wage claims in addition to FLSA collective actions, despite the potential confusion among putative class members receiving notice of a right to opt-into the FLSA claim and opt-out of the Rule 23 class claim. *See Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2000 WL 1774091 (N.D. Ill. Dec. 1, 2000) (after removal from state court, court certified a class under the IMWL and IWPCA despite the availability of a class action for FLSA claims, observing that potential confusion could be eliminated by appropriately-drafted notice); *O'Brien v. Encotech Constr. Servs., Inc.*, 203 F.R.D. 346 (N.D. Ill. 2001) (following *Ladegaard*, court permitted plaintiffs to proceed both with FLSA collective action and a Rule 23 class action on their IMWL and IWPCA claims, as the possibility of separate claims in state court would be inefficient, and notice need not be unduly confusing to class members).

This court itself recently considered whether a plaintiff must pursue an FLSA collective action either simultaneously with, or instead of, a state law class action in *Sorensen v. CHT Corp.*, Nos. 03 C 1609, 03 C 7362, 2004 WL 442638 (N.D. Ill. Mar. 10, 2004). The plaintiff in *Sorensen* filed a complaint in state court alleging violations of the FLSA, the IMWL, and the IWPCA, and sought to certify a class for the state law claims. *Id.* at *3. The defendants removed the case to federal court and challenged class certification on the grounds that it was not a superior method of adjudication. *Id.* The court noted that allowing plaintiffs to avoid the FLSA's opt-in procedure – which was enacted by Congress to limit collective actions, *Rochlin v. Cincinnati Ins. Co.*, No. IP00-1898CHK, 2003 WL 21852341, at *15 n.6 (S.D. Ind. July 8, 2003) – simply by omitting a request for collective action and seeking class certification of state law wage claims would arguably subvert congressional intent. *Sorensen*, 2004 WL 442638, at *11 (citing *Rodriguez*, 2001 WL

7

1829490, at *1). The court also recognized, however, that Illinois courts contemplate class action treatment for IMWL and IWPCA claims, *Id.* (citing *Gelb v. Air Con Refrigeration and Heating, Inc.*, 326 Ill. App. 3d 809, 761 N.E.2d 265 (1st Dist. 2001)), and that permitting defendants to remove state law claims and then object to class action treatment of those claims arguably subverts the rights of unnamed class members. *Id.*

Another factor weighing in favor of class certification, in this court's view, was the applicable statute of limitations on FLSA claims: "[b]ecause [the plaintiff] has not sought inclusion of other back house workers in her FLSA claim, denial of th[e] motion for class certification may effectively dispose of the rights of persons whose interests [the plaintiff] purports to protect." *Sorensen*, 2004 WL 442638, at *11. *See also* 29 U.S.C. § 256 (for an individual not named in a complaint, his or her FLSA action is commenced on the date he or she consents to be a party plaintiff). At the same time, the court was troubled by the fact that granting the plaintiff's motion for class certification would result in a single individual's FLSA claim forming the only basis for the court's jurisdiction over a potentially large class of claimants under a state law theory. *Id.* at *12 (citing *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 311 (3d Cir. 2003)) (where FLSA claims were brought together with fair wage claims under state law, the court observed that "the disparity in numbers of similarly situated plaintiffs [alleging state as opposed to federal claims] may be so great that it becomes dispositive by transforming the action to a substantial degree, by causing the federal tail represented by a comparatively small number of plaintiffs to wag what is in substance a state dog"). The court ultimately asked the parties to submit supplemental briefs on the issue of whether the plaintiff's state law class claims should be remanded to state court. *Id.*

In this case, Plaintiffs opted to file their complaint in federal court, so there is no concern that Defendants have strategically removed the case to avoid a class action lawsuit. Plaintiffs, however, have arguably subverted congressional intent in creating the FLSA opt-in procedure by choosing to seek class certification of their IMWL claims instead of pursuing an FLSA collective

action. In addition, certifying a potentially large class of state law claimants could result in "the federal tail represented by a comparatively small number of plaintiffs [wagging] what is in substance a state dog." *De Asencio*, 342 F.3d at 311. *De La Fuente*, *Muecke*, and *Rodriguez* all suggest that class certification of state law claims is inappropriate before the scope of an FLSA collective action has been determined. The court finds these cases persuasive because they all honor congressional intent to limit collective actions under the FLSA through the opt-in procedure. In addition, as the *Rodriguez* court noted, the language of § 1367(a) regarding supplemental jurisdiction "plainly betokens actual joinder or intervention, not the type of representative treatment that is sought by [Plaintiffs] and [their] counsel here instead of such actual joinder." 2001 WL 1829490, at *4. Plaintiffs have not responded to Defendants' motion to decertify, nor have they presented any basis for upholding class certification of their IMWL claims. *See Ellis*, 217 F.R.D. at 419 ("[t]he party seeking class certification . . . bears the burden of producing a record demonstrating the continued propriety of maintaining the class action"). Thus, Defendants' motion to decertify is granted.

## B. Supplemental Jurisdiction

Having determined that class certification of the state law claims is inappropriate here, the court declines to retain jurisdiction over them. Defendants argue that the case should be concentrated in one forum "to promote judicial economy, fairness and convenience to the litigants, which are central to the purpose of 28 U.S.C. § 1367(a)." (Def. Mem., at 3-4) (citing *Ladegaard*, 2000 WL 1774091, at *7). Defendants, however, cannot have it both ways. It would be unfair to absent class members to decertify the class in this case and at the same time prevent Plaintiffs from representing those class interests in state court. The court recognizes that the parties may be forced to litigate similar wage and hour issues in separate courts, but such a result most closely

preserves both congressional intent under the FLSA and the interests of the putative class members in this case.

## CONCLUSION

For the reasons stated above, Defendants' Motion to De-Certify the Class (Docket No. 90-1) is granted without prejudice. Plaintiffs' IMWL claims are dismissed without prejudice to refiling in state court. Plaintiffs' Revised Motion for Order Approving Issuance of Notice (Docket No. 77-1) is denied as moot.

ENTER:

Dated: May 12, 2004

REBECCA R. PALLMEYER
United States District Judge